H. G. TURNER, et al., v. COMM'RS OF JEFFERSON COUNTY.

MANDAMUS; *Interest of Plaintiff.* An allegation that plaintiffs are qualified voters and freeholders of a township discloses no such peculiar and specific interest as will sustain a mandamus to compel the county board to order in such township an election on the question of issuing bonds.

### Original Proceedings in Mandamus.

TURNER and fifty-three others, as plaintiffs, filed their petition in this court, alleging that they were qualified voters and freeholders of Rock Creek township, county of Jefferson, and as such qualified voters and freeholders of said township of Rock Creek they had made and presented to *The Board of County Commissioners of the county of Jefferson*, their petition in writing praying said board "to submit to the qualified voters of such township of Rock Creek a proposition to take stock to the amount of $20,000" in the A. T. & S. F. railroad, proposed to be constructed into and through said township, etc., and averring that said board of commissioners refused to order an election as required by ch. 90 of the laws of 1870, entitled "An act to enable municipal townships to subscribe for stock in any railroad, and to provide for the payment of the same." An alternative writ was

allowed, commanding said county commissioners to order an election, etc., or show cause. The commissioners made answer, denying the right or authority of the relators to bring or prosecute this action against them as plaintiffs, and alleging first, that the proposition set forth in the petition for an election presented to them by plaintiffs was illegal, and second, "that their powers under the law, as to the township named in the said petition, have been exhausted, and no duty remains for them to perform, from the fact that said board, in compliance with the prayer of a similar petition from said township, presented and acted upon less than a year previous to the presentation of the petition in question, called the election provided for in the law, and canvassed the votes cast thereat." Upon this return, the plaintiffs now move for a peremptory writ.

*Martin, Burns & Case*, for plaintiffs. [Mr. *Burns* made an oral argument. No brief on file.]

*Thacher & Stephens*, for defendants in error:

1. The parties plaintiff in this action have no right to bring it. The writ of mandamus only issues to enforce action "which the law specially enjoins as a duty resulting from an office trust or station." Civil Code, § 688. It is laid down as a general rule that "Courts, or officers, or corporations, are to be put in motion with a view to enforce some matter of private interest. In such case the title to relief at the suit of the relator must appear, and he should present himself as a party. In matter of mere public right however, it is otherwise; here the people are the real party." *The People v. Collins*, 19 Wend., 65. This is substantially the doctrine of this court laid down in *Craft v. Comm'rs Jackson Co.*, 5 Kas., 579, where it uses substantially this language: "The state, or an officer authorized by statute, should bring actions to protect public rights and redress public wrongs, and not individuals, unless their particular interests are affected peculiarly." And the court in that case, hold that "an action

having for its object the restraining of the county board from allowing a claim alleged to be illegal, cannot be maintained by a person having no other interest than one common to all the resident tax-payers of the county." True, that case was an application for an injunction. But mandamus like an injunction, under our law, is but a proceeding by "civil action," in which the "real party in interest" must sue, unless the plaintiff comes within the provisions of § 28 of the code, which plaintiffs in this action do not. Code, § 27.

The only grounds upon which it can be claimed that it is a case wherein the plaintiffs are peculiarly interested, is that they are the original petitioners to the county board. But the case, *Sanger v. Co. Comm'rs*, 25 Maine, 291, disposes of this ground.

The proper custodian of the property of the township, and the proper party to represent its interest, is the township trustee. He would, on principle, seem to have a better right to be party plaintiff, than these petitioners, yet under the decisions the proper plaintiff doubtless is The State, and in its name should the suit have been commenced.

2. It will possibly be contended that the "duty" which plaintiffs seek to enforce the performance of, by this writ, is one enjoined by the act of February 25th, 1870, (ch. 90, 1870,) that upon the presentation of the petition set forth in the writ it was the duty of the board of county commissioners to submit to the voters of Rock Creek township the proposition in that petition contained, by calling an election as provided in that law therefor. The act contemplates but one submission, and one order of the board calling an election (§§ 2, 4,) and but one election (§§ 4, 3,) and one issuing of bonds (§ 5.) If the board can be called into action more than once, it can be as well when the vote is favorable as when unfavorable to the subscription. If the process can be repeated, *i. e.*, if more than one election was meant, then the safeguard contemplated in the *proviso* of the first section amounts to nothing, for the limitation of the proviso is applicable by its terms to *the election* previously referred to. If more than

one election was intended, then more than one such amount mentioned in the proviso was intended to be subscribed. If the process for submitting propositions to the voters of the same township can be repeated, and the repetition enforced, the board could be kept in constant action, and fifty voters of any township, however small a minority of the voters thereof they might constitute, might keep the balance at the polls constantly, in order to protect their rights. No such power was intended to be conferred upon a minority. It is bad enough, that a majority of three-fifths have a power to vote a debt upon the other two-fifths without their consent, and by a vote subject their property to be taken by the summary process of tax-collecting as taxes, and this in a project in which they may have no possible pecuniary interest whatever, and which may never benefit them, and a tax of which the three-fifths voting may not pay a dollar. A law like the one in question, "authorizing taxation for contingent benefits, foreign to those purposes for which local governments are organized," should receive a strict construction; the power given can only be exercised in strict conformity to the letter and spirit of the law. *People ex rel. Haines v. Smith*, 45 *N. Y.*, 772.

3. To entitle a party to the remedy by writ of mandamus, "there must be a clear legal right, *not merely* to a decision in respect to the thing, *but to the thing itself:*" 49 Barb., 42; 27 N. Y., 381; 25 Wend., 680; 19 Johns., 259; 11 How., 272. In the case at bar, it must not only be made to appear that the plaintiffs have a right to the action of the board in calling an election, but also that they have a right to have *the proposition* contained in their petition *submitted, and allowed in case of a favorable vote.* Under said ch. 90 of the laws of 1870, the burden is thrown upon the fifty petitioners to determine upon the proposition to be submitted, *together with its conditions.* If they select such a proposition, or affix thereto conditions such as the law does not contemplate, such as cannot be carried out in case of a favorable vote, then the board is not called upon to act upon the peti-

tion, and the writ of mandamus will not be awarded against them, for it would be fruitless and ineffectual. (Moses on Man., p. 123; 12 Barb., 220; 2 Gray, 370.) Such a petition is not *the* petition contemplated in the law.

The intent of the law of 1870, was evidently intended mainly to enable the townships to *subscribe and own stock* in railroad companies. The proposition in question is one coupled with a condition that—

"The township of Rock Creek, so soon as the said A., T. & S. F. Rld. Co. shall complete its said road in running order, between Topeka in Shawnee county, and Parwell station in Atchison county, for the consideration of one dollar in money, shall assign and transfer to the said A., T. & S. F. Rld. Co. the stock of said Railroad Company hereby proposed and asked to be taken," etc.

This proposition, taken together, in effect is one to issue bonds to the company without consideration — to donate them. A valid consideration in an instrument issued pursuant to a statute, is *the* consideration for which the instrument is by statute authorized to be issued. (1 Pars. Cont., 343; ch. 1, §1.) The only valid consideration known to the law for the issuing of bonds in the name of the townships, is the subscription, and full and absolute, unconditional and perpetual *ownership* of the stock subscribed. It is not the building and completion of the railway through or into the township, for this is expressly made by the law a condition precedent to the issuing of the bonds, (§ 5,) and hence the petitioners cannot, by a "condition" of the subscription, attempt to bind the township to transfer its stock so subscribed back to the railroad company, for that consideration. The provision that the township shall receive for its $20,000 in stock, the sum of "one dollar in money," does not help the matter, but shows more clearly the design of the proceeding. The petitioners cannot thus prematurely *dispose* of township property.

The whole matter resolves itself into a question of power. The defendants insist that the petitioners had no authority to, and did not conform to the statute in attaching to their petition a condition that would thus make the transaction, if car-

ried out, a cheat and a swindle, and that the board has no power, and it is not their duty to submit such a proposition. When petitioners propose a scheme, under the guise of a subscription for stock, to divest a township of $20,000 in bonds, without any consideration whatever, it may legally be treated by the board in the manner this board treated this proposition, whether the board act ministerially or judicially.

The proposition contained in the petition was one, on the part of the fifty-four petitioners, or, on their part in connection with the defendants, to take the private property of the property-owners of said township, without just compensation, and without due process of law. Conceding that the taking was for public use, yet it is illegal. (Amendt. 5, Const. U. S.) The levying and collecting of taxes ,is the exercise of judicial power. (Blackw. Tax Tit., 26.) The summary exercise of this power is against the spirit of the constitution, and therefore "in the execution of such power the law shall be strictly and punctiliously complied with in all its requirements." The absolute and arbitrary power to collect taxes summarily "must be used only to the extent absolutely demanded by the public necessity." No public necessity is shown for the township of Rock Creek to donate to the A., T. & S. F. Rld. Co. $20,000 in bonds. A construction of the law of 1870 that would, by its terms, enforce the county commissioners to submit such a proposition, would make that law clearly unconstitutional, as enabling a three-fifths majority of the voters of the township to divest the property-owners thereof of their property, not only without compensation to themselves individually, but without compensation to the township.

The opinion of the court was delivered by

BREWER, J.: The decision of the case of *Bobbett v. Dresher,* (ante 9,) in which the opinion has just been filed, disposes of this case. This is an application for a mandamus; and the only interest the plaintiffs show is, that they are qualified voters and freeholders of Rock Creek township. The relief

sought is, the passing by the county board of an order direct-ing and causing an election to be held in such township on the question of issuing bonds. It comes plainly within the rule laid down in that case. This question was raised upon motion to dismiss sometime last fall, and argued before the Chief Justice and the writer of this opinion. The motion was overruled, but it was stated that the question would be reserved for fuller and further consideration by the whole court on the final submission of the case. Judgment will therefore be entered for the defendants.

All the Justices concurring.