THACHER & STEPHENS v. COMM'RS OF JEFFERSON COUNTY.

COUNTY COMMISSIONERS; *Power to employ Counsel, other than the County Attorney.* H. G. T. commenced an action of mandamus in the supreme court of the state of Kansas against H. S. W., J. D. R. and H. O., the Board of County Commissioners of the County of Jefferson, to compel said board to submit to the qualified voters of Rock Creek township, in said county, the question whether stock should be taken in the name of said township, in the A., T. & S. F. R. R. Co., and the bonds of the township be issued in payment for such stock. The said county board then employed the plaintiffs in error, as attorneys and counselors-at-law, to defend said suit. The plaintiffs in error performed said services, the action of H. G. T. was defeated, and this action is now brought to recover compensation for said services: *Held,* The county commissioners had power to employ the plaintiffs in error to perform said services, and therefore that this action can be maintained.

*Error from Jefferson District Court.*

THE facts are fully stated in the opinion of the court, *infra.* The district court, at the May Term 1873, held that the plaintiffs were not entitled to recover anything for the services rendered by them, and gave judgment in favor of the defendants for costs. The plaintiffs bring the case here on error.

*Thacher & Stephens*, plaintiffs, for themselves:

Sections 136 and 138 of ch. 25, Gen. Stat., define the duties of the county attorney, and by neither of them is it incumbent upon him to defend the county commissioners when sued outside of the county. Was it the duty of the county board to defend itself when brought into court, or had it the right to do so? If it had the right, or it was its duty, then of course it must do so through attorneys, and of course its duty to pay therefor clearly follows. And we conceive the question to be solely, Whether the board was called upon to defend itself? and not as is insisted on the other side, Whether it was legally or properly sued. If the board was brought into court to answer for any purpose whatsoever, the lawyer who made that answer for it, at its request, is entitled to compensation therefor. In this case it appears that the board made a successful defense, and that the services of the plaintiffs for the board in that behalf were worth $265, and that they were duly employed to render the services.

If it be said that the board were sued in the supreme court about a matter on which it had no right to defend itself, the answer is, that the supreme court took another view of the case, and decided it had a right to defend itself, and on a final hearing gave judgment in its favor. If it be said that the subject-matter in the suit in the supreme court affected only one township in the county of Jefferson, and so the burden of protecting its interests should fall on it rather than the whole county, the answer is, that the board is bound to defend each township's interests in matters confided to it, just as much as it is the whole county, and the decision of the supreme court was, that its action in refusing to submit to that township the question, whether it would burden itself with a bonded debt, was right. (It is possible there may be a duty on the part of that township to reimburse the county board for its expenditures in its behalf, though it would seem that this apparent inequality of burdens is after all an incident of the relation between the townships and their repre-

sentative in these matters, the county board.) At all events, the county board were brought into the supreme court as an official body, appointed by the law to discharge specific duties, with respect, among other things, to each township in the county, and its official action was sought to be coerced in that behalf. Now, either the board should or should not have defended itself. The supreme court decided its action, which was sought to be changed, to have been correct. Therefore it had a good defense, and in presenting it through the plaintiffs, its action was in good faith, and the plaintiffs in this action are entitled to their just reward.

If it shall be said that the board was only the agent of the township in submitting the vote for aid in issuing bonds, or refusing to do either, then for what moneys it expends for its principal, it may recover of it, but there is no privity of contract between the plaintiffs and the township. Our contract was with the county board as such, and not with it as officers of a township. Moreover, in doing this business for the township, the county board in no sense changes its relations or official character. It draws pay from the county treasury for the time of its members, while engaged in this business; it pays the county clerk for his work in the same behalf, from the county funds; it draws money from the same general fund to pay for printing or engraving the bonds when issued. And we know of no power authorizing it to charge up these matters to the township.

That the county board is authorized to defend itself when sued, can hardly be seriously disputed. But, if so, then it is liable for attorneys' fees in defending the suit. (*Gillespie v. Broas*, 23 Barb., 379.) The county board being liable to an action to compel their official action, would be derelict in its duty, were it to fail to exhibit to the court its reasons for not performing the desired action. And if by such failure to defend its action, or failure to act, a decree should be entered against it injurious to others, why would not the individual members of the board be liable to the injured parties? Section 6 of ch. 90, Laws of 1870 (this being the law under

which the county board were called upon to act,) expressly provides for the payment of all officers acting under the law, and subjects them to an action for non-compliance, the same as in other cases. But in all other cases the officers are paid by the county for their services. There are other cases in which the county board act for each township, and out of which litigation for or against the board may arise, as, for example, prohibiting stock from running at large at night. Now, can it be contended that the county board can be called on to act in these matters without legal advice? If the county board had the power to be sued in respect to issuing bonds for a township, it has the power to defend itself, and hence employ counsel; and having employed counsel it is liable to pay such counsel for their services.

*Henry Keeler,* for defendants in error:

In the absence of any statutory requirement or authority therefor, a county cannot assume payment of costs, nor attorney fees, except in those cases in which the county, or some one for it, may appear in court to prosecute or defend. Now the only kinds of cases in which such appearance may be made on behalf of the county are those mentioned in § 136, page 287 of Gen. Stat. It is true that this section applies only to cases within the courts of the county, but it covers, and was intended to cover, all kinds of cases in which the county can appear in court, and the people by the election of a county attorney are given the exclusive right to choose the attorney who shall appear for the county therein. *Clough & Wheat v. Hart,* 8 Kas., 487.

In the absence of any direct statutory provision therefor, it cannot be held that a county can appear in courts outside of the county in any other or different kinds of cases than those mentioned in § 136. There is neither reason, statute, nor authority for allowing the corporate power and wealth of the county to be used as a backer for other people's lawsuits over matters in which the county has no interest. Now, in the action of *Turner v. Walsh, et al.,* the county was not a

party. It was an action against the county commissioners as public officers to compel them to do an act affecting Rock Creek township only. Under our statute, the corporate name of the county is the same as that of the tribunal transacting county and other business, and in some cases it may be necessary to look at the nature and cause of the action to determine who is sued. A similarity of names does not always constitute identity of parties. If the legislature had provided (which it might with propriety have done,) that the corporate name of the county, or the name in which it might sue and be sued, should be "The County Treasurer of —— county," it would not follow that the county would be a party whenever the county treasurer was sued for a real or assumed neglect of duty. In the case of *Turner v. Walsh, et al.,* the cause of action was that *Walsh, et al.,* as county commissioners, refused to comply with a demand made by Turner that said commissioners should call an election, for local purposes, in Rock Creek township, and the nature of the action was a mandamus proceeding to compel those officers to comply with that demand. The county, as a corporation, had no duty to perform in that matter—neither its decision nor its action was or could be invoked. The county board (if agent at all in the matter,) was the statutory agent of the election petitioners and Rock Creek township only. County officers have various duties to perform for the benefit of different persons and corporations other than the county; and in the performance of those duties are the agents of the respective persons and corporations for whom they act, and the county is not liable and cannot assume any liability for their acts or omissions therein. (*The State v. Leavenworth Co.,* 2 Kas., 61.) The county had no interest in the matter in dispute between Turner and Walsh. The voting or not voting of the bonds of Rock Creek township would not in any way affect the county as a corporation. If the county was interested in the matter, by reason of the township being a component part of the county, then upon the same principle the county is interested in any action against any one of its citizens and may

assume the defense thereof. The county board, wide as its powers are, could not certainly involve the county in such law-suits — its powers are limited by statute to such things as were deemed by the legislature to be sufficient for the public good and compatible with the public safety; the powers given are described, and it has no power, except such as are given by the statute.

The county not being a party to the action of Turner v. Walsh, nor interested in it in any way, the county board had no legal authority to bind the county in a contract to pay attorney fees therein — such contract is void and the county is not liable for any attorney fees or other costs or expenses in that action. 3 Comst., 430; 2 Sandf., 460; 6 Hill, 244; 2 Denio, 110; 5 Denio, 517; 5 Kas., 545.

The fact that Walsh and others made a successful defense, is totally immaterial. The county board had no more authority to bind the county to pay the expense of the winning than the losing side of a law-suit in which the county is not a party and has no interest. Its power to employ attorneys for the county is not at all contingent on the result of the litigation. The entire claim of Thacher & Stephens is an illegal one, and they are not entitled to recover anything thereon.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by the plaintiffs in error, Thacher & Stephens, against the defendants in error, the board of county commissioners of the county of Jefferson, for services rendered by plaintiffs in error as attorneys and counselors-at-law. It appears from the record that one H. G. Turner commenced an action of mandamus in the supreme court of the state of Kansas against H. S. Walsh, J. D. Rollins, and Henry Ogle, the board of county commissioners of said county of Jefferson, to compel said board to submit to the qualified voters of Rock Creek township in said county the question whether stock should be taken in the name of said township in the A., T. & S. F. Rld. Co., and the bonds of the township be issued in payment for

such stock.    The said county board employed the plaintiffs
in error as attorneys and counselors-at-law to defend said
suit.    The plaintiffs in error performed said services, the
action of Turner was defeated, and this action is now brought
to recover compensation for said services.    (The case of *Tur-
ner v. The Commissioners of Jefferson County* is reported,
and will be found in 10 Kas., 16, *et seq.*)    We suppose the
only question in this case is, whether the county commission-
ers as county commissioners had power to employ the plain-
tiffs in error to defend said suit.    We think they had.    In
this state all the powers of a county are exercised by the
board of county commissioners, (Gen. Stat., 254, § 3,) and
the county always sues and is sued in the name of the board
of county commissioners. (Gen. Stat., 254, § 5.)    In fact, the
county commissioners are the general officers or agents of
the county.    And whenever any duties are imposed upon
the commissioners by law it should be presumed that
such duties are imposed upon the commissioners as the
agents of the county, unless the contrary clearly appears.
In many cases the county is by law constituted the gen-
eral agent or guardian for the protection of the rights and
interests of townships, and of other subdivisions of the
county, and may prosecute or defend therefor.    Thus the
county through the board of county commissioners may
maintain an action against the county treasurer for a misap-
propriation or misapplication of the funds of a township, or
school district, etc., although the county as a corporation can
have but little interest in the funds of such township or
school district. (*Comm'rs of Jackson Co. v. Craft*, 6 Kas., 145.)
In the matter of taking stock in railroad companies for town-
ships, and of issuing township bonds in payment for such
stock, and of levying and collecting taxes for the payment of
the bonds, the township officers have nothing to do.    Every-
thing is done by the county officers, and nearly everything
by the county board.    The petition for the election to deter-
mine whether the stock shall be subscribed, is presented to
the county board; (Laws of 1870, page 189, § 1.)    The

county board alone can determine whether the election shall
be held, and such board alone can order the election; (id.,
190, § 2.)   The county board canvasses the returns of the
election, and declares the result; (id., §§ 3, 4; also, Gen. Stat.,
410, § 28.)   If the election has resulted in favor of subscrib-
ing for said stock the county board orders the county clerk to
make the subscription, and causes the bonds to be issued in
payment of said stock, which bonds are "signed by the chair-
man of the board and attested by the clerk under the seal of
the county;" (Laws of 1870, p. 190, § 5.)   The county board
then annually levies the tax on said township to pay the in-
terest on said bonds, and to create a sinking fund to pay said
bonds at maturity; (id., p. 191, § 6.)   And with the surplus
taxes levied and collected for the payment of interest, (if
there should be any such surplus,) and with the sinking fund,
the county board may at any time cause the treasurer to buy
up the outstanding bonds at their market value not exceeding
their par value; (id., § 8.)   In all this the county through
the county board seems to be the agent and guardian for the
township.   And if any litigation should spring up concern-
ing any of these matters we should think that the county
through the county board would have ample authority to
protect the rights and interests of the township.   In this way
the county protects the rights and interests of a portion of its
own people.   For all the foregoing services the county com-
missioners are paid by the county. (Gen. Stat., 256, § 14.)
And we suppose there can be but little doubt but that the
county must pay for the expenses of the election; (Laws of
1870, p. 190, §§ 3, 4; Gen. Stat., 420, 421, §§ 71 to 74.)   And
we suppose the county must also pay the expenses of issuing
the bonds, etc.   Now the litigation between Turner and the
county commissioners was concerning the foregoing matters.
Turner did not sue the county commissioners to compel them
to do something merely as individuals, nor even to do some-
thing merely as individual commissioners.   He sued them to
compel them to do something which they could do only as a
"*board* of county commissioners." (Laws of 1870, p. 189, § 1.)

The law is explicit. It does not provide that the persons holding the offices of county commissioners shall call the election, nor merely that the county commissioners shall call the election; but it provides that "The *board* of county commissioners" shall call the election. Turner of course in effect sued the county commissioners as a *board*, whether the action was in form against them as individuals or not, for he sued them to compel them to do something which they could do only as a *board* and as the *county board*. And when the commissioners are sued as the county board beyond the limits of their own county, and where the county attorney is not bound to go, may they not then as the county board employ counsel to defend the action? We do not think that it is necessary to determine whether said action of Turner against the county commissioners was an action technically against the county or not; for we suppose that no one will claim that the county commissioners can employ counsel in only such cases as these where the county is technically a party. A suit against the officers of the county is often a suit substantially against the county. And in this very case we think the action of Turner was substantially an action against the county as the guardian and protector of the rights and interests of Rock Creek township. And it was also substantially against the county in another respect. It was an action to compel the county commissioners to do something which would incur liabilities against the county; for instance, liability for the county commissioners' services, for the expenses of the election, etc. Suppose an action of mandamus should be commenced in the supreme court of the state to compel the county clerk to enter certain taxes on the tax list to pay certain supposed liabilities against the county: could not the county commissioners then employ counsel to defend? Or suppose an action should be commenced in the United States circuit court to enjoin the treasurer from collecting a certain county tax: could not the county commissioners then employ counsel to defend? We suppose that whenever the county is interested at all in the result of a suit, either in its own behalf or in

that of some township of the county, and the suit is brought against the legal representatives of the county, and is beyond the limits of the county, the county commissioners may if they choose employ counsel to take care of the interests of the county. As throwing some light upon the questions discussed in this case we would refer to the following authorities: *Bancroft v. Lynnfield*, 18 Pickering, 566; *People v. Supervisors of N. Y.*, 32 N. Y., 473; *Brady v. Surpervisors of N. Y.*, 2 Sandford, 460, 472; *Gillespie v. Broas*, 23 Barb., 379. This case has been ably presented by counsel on both sides, and for additional arguments and additional authorities we would refer to counsel's briefs.

There has been no question raised as to the value of the plaintiffs' services. The parties agreed in the court below that the services were worth $265.00. The judgment of the court below will be reversed, and cause remanded with the order that judgment shall be rendered upon the facts agreed to in favor of the plaintiffs below and against the defendant below for the sum of $265, and costs.

All the Justices concurring.