THE STATE OF KANSAS, *ex rel. J. I. Sheppard, County Attorney of Bourbon County*, v. CHARLES HARBISON *et al.*

No. 11,992.   (67 Pac. 844.)

SYLLABUS BY THE COURT.

1. MANDAMUS—*Taxation — Pleading — Joinder of Causes of Action.* In an action brought to compel the proper officers to reassess personal property nearly all of which, for a number of years, has, by means of concealment and the making of false returns by the owner, escaped taxation, where the petition states in separate causes of action the wrongs committed by the owner each year, and the amount and value of the property which by reason thereof he prevented from being listed for taxation, as well as the amounts of the respective levies for such year, the petition will be upheld as against a demurrer based on the ground " that several causes of action are improperly joined."

2. ———— *Joinder of Parties Defendant — Taxing Officers.* In such case the several officers of a city and county who have functions to perform with reference to assessing personal property, the levy of taxes and entering such assessment and tax levies upon the proper books may be joined as parties, and the objection that a court may not, in a single action, require them to perform distinct and separate acts in the line of service prescribed by law is without force. The execution of those several duties merely constitutes a means to an and.

Error from Bourbon district court; WALTER L. SIMONS, judge. Opinion filed February 8, 1902. Reversed.

*C. B. Griffith*, county attorney, and *C. E. Cory*, for plaintiff in error.

*W. P. Dillard*, and *McCleverty & Padgett*, for defendants in error.

The opinion of the court was delived by

ELLIS, J. : This is an action brought by the state of Kansas, on the relation of the county attorney of Bourbon county, to compel the proper officers of the city of Fort Scott and the county of Bourbon to re-assess and place upon the tax-list personal property now held by defendant Charles Harbison, as executor and legatee of James S. McCord, who it is alleged, for the years 1892 to 1897, inclusive, by concealment and the making of false returns, escaped taxation upon about seven-eighths of such personal property. The original petition included the facts relating to the entire period in a single cause of action, and we think such a course was permissible. However, a motion was made by defendant Harbison for an order requiring the plaintiff separately to state and number its several causes of action, which was by the court sustained ; and thereupon an amended petition was filed, in which, with particularity and detail, the facts relating to each year were set forth in a separate cause of action, and it was alleged that none of these facts were discovered by the state, county or city officers until ten months after the death of said McCord, and shortly before the bringing of this action. Upon the filing of such amended petition, defendant Harbison demurred, for the following reasons :

"First. That the plaintiff has no legal capacity to sue.

"Second. That there is a misjoinder of defendants.

The State v. Harbison.

"Third. That there are several causes of action improperly joined.

"Fourth. That the petition does not state facts sufficient to constitute a cause of action."

Before a hearing was had upon said demurrer, however, the defendant withdrew the first, second and fourth grounds thereof, and submitted the case upon the third, to wit, that several causes of action were improperly joined, and upon that ground alone the demurrer to the petition was sustained. The plaintiff elected to stand upon the petition, and brings the case here for review.

Assuming that this action may be maintained, and waiving the question as to whether the defendant, after the petition had been amended to conform to his desire, may be permitted to challenge it for the reason that it was thus amended, we think the court erred in sustaining the demurrer. That the facts might have been averred in a single count or cause of action, as they were in the first instance, does not necessarily render the petition obnoxious to the objections urged against it, when the wrongs of defendant's testate for each year are set forth in separate causes of action, wherein the amounts of the respective levies for each year and the value of the property of decedent which he is charged to have fraudulently concealed from the assessor for each year are stated. The several grievances complained of are analogous. The remedy sought is identical.

The several officers made defendants herein were properly joined, and the suggestion that the pleading is subject to criticism because in this action the court is asked to require them to perform several and distinct duties is without merit. The execution of those several duties merely constitutes a means to an end.

(*Labette County Comm'rs v. Moulton*, 112 U. S. 217, 5 Sup. Ct. 108, 28 L. Ed. 698.)

The judgment of the court below is reversed, with directions to overrule the demurrer of the defendant.

JOHNSTON, CUNNINGHAM, GREENE, JJ., concurring.