### EXCISE BOARD OF TULSA COUNTY et al. v. BOARD OF ED., CITY OF TULSA, SCHOOL DIST. NO. 22.

No. 27621.　April 20, 1937.

Rehearing Denied June 8, 1937.

Dixie Gilmer, County Atty., and Fred A. Fulghum and John F. Conway, Assts. County Attys., for plaintiffs in error.

H. O. Bland, E. M. Gallaher, and Milton W. Hardy, for defendant in error City of Tulsa.

C. H. Rosenstein (Silverman & Rosenstein, of counsel), for defendant in error Board of Education of the City of Tulsa.

WELCH, J. This is an appeal from an order of the district court of Tulsa county granting a writ of mandamus requiring the excise board of that county to allocate or apportion the limit of ad valorem tax levy under the provisions of the 1933 amendment to section 9, article 10, of the Constitution. The trial court ordered the excise board to so adjust its order of allocation that the limits allowed to Tulsa county, the Tulsa school district, and the city of Tulsa would equal a total of 15 mills, and the excise board has appealed from such order.

The material facts are that on August 3, 1936, the excise board, by general order, allocated to Tulsa county 5.386 mills, to the city of Tulsa, 4.581 mills, and to the Tulsa school district 4.392 mills, the effect of which appears to have been intended to limit the three subdivisions of government to not to exceed 14.359 mills. The record discloses that at the time and in the manner provided by law the three subdivisions of government had duly filed their several estimates of current needs, which, if allowed in full, would require a total levy of more than 15 mills.

The sole question presented to the trial court was whether or not it was the duty of the excise board, by reason of the provisions of the 1933 amendment to section 9, article 10, of the Constitution, to divide the total 15-mill limit of levy provided therein among the various subdivisions of government, or whether that board is authorized by virtue of the constitutional provision to limit said subdivisions of government to a total less than 15 mills. Incidentally with this question there also arose the question of the power and authority of the courts to inquire into or review any action which might be taken by the excise board in connection therewith.

This is a companion case to cause No. 27620, Excise Board of Tulsa County v. City of Tulsa, this day decided, 180 Okla. 248, 68 P. (2d) 823; the cases were argued and submitted together. Our opinion in that case is controlling here, and upon that authority and for the reasons there stated, we find that the judgment here appealed from is without error, and it is accordingly affirmed, but modified to the ex-

tent of directing the trial court that the writ of mandamus be now withheld for the reasons stated in the opinion in the city of Tulsa case No. 27620, supra.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS, CORN, and HURST, JJ., concur. RILEY and GIBSON, JJ., dissent. BUSBY, J., absent.