## STATE ex rel. ST. LOUIS-S. F. R. CO. et al. v. BOYETT et al.

No. 27671. May 31, 1938.

M. K. Cruce, F. H. Moore, Jos. R. Brown, and James B. McDonough, for plaintiffs in error.

Clyde Followell, County Atty., and Foster Windham, Asst. County Atty., for defendants in error.

HURST, J. This is an action in mandamus by the state of Oklahoma on relation of the St. Louis-San Francisco Railway Company and the trustees thereof, the Kansas City Southern Railway Company, and the Oklahoma Pipe Line Company against the following officials of Le Flore county, to compel (1) the members of the board of county commissioners, the equalization board, the excise board, the county assessor, and the county clerk to strike worthless property and government owned property from the tax rolls and to exclude such property from consideration when estimating income to be derived from ad valorem taxes; (2) the county treasurer and the members of the board of county commissioners to request and the members of the county excise board to appropriate, funds to hold a resale of delinquent real estate; (3) the county treasurer to advertise and sell tax delinquent real estate; (4) the county treasurer to issue, and the sheriff to levy, warrants on delinquent personal property. The trial court denied the relief prayed, and relators appeal.

■ The first question to be determined is whether mandamus is the proper remedy to obtain the relief sought by relators. Respondents cite no authorities that it is not, but asserts that there is no proof that they did not perform the duties which relators seek to compel, other than the failure to appropriate funds for, and to hold the resale of, tax delinquent real estate. However, the assertion of lack of proof does not affect the question of whether mandamus is the proper remedy in this case.

Mandamus is a remedy to compel the performance of a duty required by law where the party seeking relief has no legal remedy and the duty sought to be enforced is clear and undisputable. City of Shawnee v. City of Tecumseh (1915) 52 Okla. 509, 150 P. 890, and Excise Board of Love County v. Randolph (1935) 172 Okla. 161, 44 P.2d 953. And mandamus will lie to compel an executive officer to perform a mere ministerial act which does not call for the exercise of his discretion, but which the law gives him the power, and imposes upon him the duty, to do. Norris v. Cross (1909) 25 Okla. 287, 105 P. 1000, and State v. Lyon (1917) 63 Okla. 285, 165 P. 419.

Relators seek to compel respondents to perform duties enjoined on them by law and in the performance of which they exercise no discretion. Mandamus is therefore the proper remedy.

2. The next question to be determined is whether relators are proper parties to maintain this action, it being the contention of the respondents that relators have no specific interest peculiar to them which is not shared in common with the community in general, and the action must therefore be brought at the instance of the county attorney or the Attorney General. In this connection they rely upon section 731 O. S. 1931; State ex rel. Hoard, Tax Ferret, v. Ashly, County Treas. (1935) 171 Okla. 169, 42 P.2d 225; Stubbs v. Excise Board of Muskogee County (1935) 173 Okla. 341, 49 P.2d 83; Bobbett v. State ex rel. Dresher (1872) 10 Kan. 9; Turner v. County Com'rs (1872) 10 Kan. 16; and Collingwood v. Schmidt (1928 Kan.) 262 P. 556.

Section 731, supra, provides that the writ of mandamus may be issued on the information of the party beneficially interested, and in State ex rel. Hoard v. Ashly, supra, we held that a tax ferret had no such beneficial interest as would entitle him to maintain an action for a writ of mandamus against the county treasurer to compel him to issue to the owner of omitted property notice of the proposed listing and assessment thereof. We specifically called attention to the fact that plaintiff brought and prosecuted the action as tax ferret and not as a resident and taxpayer of Carter county. The case is therefore not analogous to the instant one.

Stubbs v. Excise Board of Muskogee County is also not in point. Therein Stubbs maintained an action in mandamus in his own name to compel the excise board of Muskogee county to reconvene and to amend and increase an appropriation previously allowed by said board for the maintenance and support of separate schools in district No. 20 of said county and to require said board to approve prior estimates submitted to it by the board of education of the city of Muskogee. We held therein that where a question of public right is directly involved, the mandamus action should be brought in the name of the state, the person instituting the action appearing as relator; but where an individual has a particular interest of his own, independent of that which he holds in common with the people at large, in the performance of some statutory duty imposed upon some officer or board, and so under the Code can rightfully claim to be the real party in

interest, then the action may be maintained in his own name. Since the present action is brought by relators in the name of the state of Oklahoma, the rule announced has been complied with, and the case is therefore no authority against relators' right to maintain the suit.

In Bobbett v. State ex rel. Dresher, supra, relators brought an action in mandamus to compel the county commissioners to hold an election for the relocation of the county seat. In Turner v. County Com'rs, supra, the relators sought to compel the county commissioners to submit to the electors a proposition to take stock in a certain railroad. In both of said cases, the Kansas Supreme Court held that mandamus would not lie at the instance of a private citizen to compel the performance of a purely public duty; that such suit must be brought by the county attorney or Attorney General; and that plaintiffs had shown no peculiar and specific interest entitling them to maintain the action. The same result was reached in Collingwood v. Schmidt, supra, wherein plaintiff sought to compel the board of county commissioners to put the township herd law into force. The foregoing cases do not militate against relators' right to maintain this action, since they are not suing as private citizens, but as taxpayers, and as such, have brought themselves within the rule announced by the Kansas Supreme Court in that they have a peculiar and specific interest entitling them to maintain the action. This distinction was brought out in the Collingwood Case, supra, where the court said that "no question of taxes is involved here." That a taxpayer is a party beneficially interested in the collection of taxes by public officials is established by the cases cited hereafter.

In Hyatt v. Allen (1880) 54 Cal. 353, it was held that a taxpayer was a party beneficially interested in having all the property of the district assessed, and was therefore a proper party to make the affidavit for the issuance of the writ of mandamus to the assessor to compel him to assess property subject to assessment. In State ex rel. Coe v. Fyler (1880) 48 Conn. 145, it was held that a taxpayer had a direct and pecuniary interest in the collection of taxes and that he was a proper party to bring an action in mandamus to compel the tax collector to collect a tax. In People ex rel. Stephens v. Halsey, 53 Barbour (N. Y.) 547, the court held that a county treasurer had no discretion in issuing tax warrants to the sheriff to collect taxes and that a

taxpayer was a proper relator to compel, by mandamus, the issuance of such warrants by the treasurer and the levy thereof by the sheriff.

In Webster v. Morris (1928) 129 Okla. 145, 264 P. 191, we held that mandamus would lie to compel the excise board to appropriate funds to hold resale of delinquent real estate, but denied the writ on other grounds. While it does not appear affirmatively from the opinion in the case, it is apparent that the relator was a taxpayer of the county. Certain it is that he was not the county attorney or the Attorney General.

We therefore hold that a taxpayer is a beneficially interested party in the collection of taxes and is entitled to maintain an action in mandamus as a relator in the name of the state of Oklahoma to compel the collection of such taxes by the county officials charged with such duty. Section 731, supra. We do not here determine whether such action may be maintained in his own name.

■ The third proposition raises the question of the misjoinder of parties defendant and causes of action. Respondents contend that the causes of action sought to be pleaded do not affect all the parties to the action and there is no common point of interest or litigation. We cannot agree with this contention. The Supreme Court of the United States in the case of Board of County Commissioners of Labette County, Kansas, et al. v. United States (1884) 112 U. S. 217, 28 L. Ed. 700, 5 Sup. Ct. Rep. 108, held that a single writ of mandamus is all that is necessary to enforce the assessment and collection of a tax, and there may be joined in it all those whose co-operation is required by law, even though it be by separate and successive steps, in the performance of those official duties, which is necessary to secure that end. See, also, Bunch v. United States (1918) 252 F. 680, and cases cited therein; and State v. Harbison (1902 Kan.) 67 P. 844.

Relators seek to enforce the proper collection of ad valorem taxes. All of the respondents are proper and necessary parties to secure that end, although each performs duties required by law which are separate and successive. Under the holdings above, a single writ of mandamus will lie to compel the performance of such duties.

■ Respondents also urge that the alternative writ was void because not signed or indorsed by the judge of the court issuing the same, and cite in support thereof sec-

tion 735, O. S. 1931, and Wenner v. Board of Education (1910) 25 Okla. 515, 106 P. 821. The record discloses that the judge in the instant case made an order directing the issuance of the alternative writ and the respondents signed and filed an instrument reciting that they "hereby accept service of the alternative writ of mandamus in this case, and enter their general appearance in this case." No motion to quash the alternative writ was entered as was done in the case of Wenner v. Board of Education, supra. See, also, Oklahoma Ry. Co. v. City of Guthrie (1935) 175 Okla. 40, 52 P.2d 18. There is therefore no merit in this contention.

Having disposed of the procedural questions raised, we come now to consideration of whether relators have shown themselves entitled to the issuance of a peremptory writ of mandamus, bearing in mind that the writ will be denied if relators have an adequate remedy at law or if they have failed to show a clear legal right thereto. Grable v. Childers (1936) 176 Okla. 360, 56 P.2d 357.

Relators have not shown a clear right to the writ in so far as they seek to compel the members of the board of county commissioners, the equalization board, the excise board, the county assessor, and the county clerk to strike government owned property from the tax rolls and to exclude such property from consideration when estimating income to be derived from ad valorem taxes, since the evidence discloses that same had already been done. The allegation that there is "worthless" property on the tax rolls is based on the fact that the taxes against such property have not been paid for a number of years; the argument being that the failure to pay the taxes indicates the property is not worth the taxes against it. We cannot agree with this reasoning. The assessable value of property is not measured by the payment or nonpayment of the taxes assessed against it. This is no criterion of its fair cash value. Consequently relators have not shown themselves entitled to a writ of mandamus to compel a revaluation of such property, even assuming, without determining, that this court could compel a reassessment of property.

Likewise, the evidence discloses that the county treasurer did issue warrants to collect delinquent personal taxes, and there is no evidence that the sheriff did not levy the same. The evidence also discloses that the county treasurer properly requested an appropriation to hold resales of delinquent real estate. Relators have therefore shown no clear legal right to the writ to compel the performance of these duties.

We come next to relator's right to the writ to compel the members of the board of county commissioners to request, and the members of the excise board to appropriate, funds sufficient to hold a resale of delinquent real estate. Respondents contend that an appropriation of approximately $15,000 would be required to compile a back tax record and hold a resale; that this appropriation could not be made and at the same time provide sufficient funds to carry on the offices and functions of other constitutional offices and departments of county government; that the determination of what appropriations should be made is one calling for the exercise of discretion by the board of county commissioners and the excise board, which discretion cannot be controlled by mandamus.

The same question involved in this case, and the same contentions as set out above, were considered by this court in the case of Webster v. Morris, supra. We held therein that it is the mandatory duty of the excise board to make a sufficient appropriation to conduct resale of tax delinquent real estate; that it has no discretion in the premises other than as to the amount of the appropriation; and that the repeated refusal of the said board from year to year to appropriate monies for such purpose constitutes an abuse of discretion which authorizes the issuance of the writ. The statutes of this state pertaining to resales disclose the correctness of this decision. Section 12753, O. S. 1931, provides that the county treasurer "shall proceed to sell such real estate (unredeemed for two years after purchase by the county) at public auction." Section 12754, O. S. 1931, provides that the "Treasurer shall give notice of the resale of such real estate * * *; provided, that sales provided for in this act shall be held on the third Monday of April of each year in each county." Thus it is seen that the provisions of the statutes for holding resales are mandatory. The writ was not issued in the Webster Case because it would have greatly disturbed the tax rolls of the county. See, also, the case of Excise Board of Tulsa County v. Board of Education of City of Tulsa (1937) 180 Okla. 251, 68 P.2d 827, wherein it was held that in awarding or denying writs of mandamus, courts exercise judicial discretion and are governed by what seems necessary and proper to be

done, in the particular instance, for the attainment of justice, and in the exercise of such discretion may, in view of the serious public consequences attendant upon the issuance of the writ, refuse the same in a proper case, though the petitioner would otherwise have a clear legal right for which mandamus is an appropriate remedy.

In the instant case, the peremptory writ was asked for the fiscal years 1936-1937, 1937-1938, or any future fiscal year. We cannot grant the writ for the years 1936-1937 or 1937-1938 because it could not be complied with, since the statutory time for holding resales for each of the fiscal years has passed. A writ at this time for the ensuing fiscal year would be premature. Suffice it to say, however, that the period for preparing estimates and making appropriations by the county is almost at hand. We reiterate what was said in Webster v. Morris, supra, that this court will issue the writ on timely presentation.

The very existence of government and of the various offices and departments thereof depend upon the proper and equitable assessment of property and the enforcement of the payment of taxes by all. The conscientious citizen who pays his taxes promptly and annually is penalized by the failure of the county officials to enforce the sale and resale laws. The prime requisite of taxation is equality. There can be no equality if one taxpayer must bear general fund obligations one year, and sinking fund obligations for the same debt the next year, a condition brought about by the failure to collect taxes from all. The payment of taxes is not a voluntary, but a compulsory, duty. The holding of resales is the final step in the enforcement of taxes against property not otherwise disposed of. The resale is the effective method of enforcement of the collection of taxes on many pieces of real estate on which the taxes necessary for the support of local government would not be paid but for the resale. The record discloses that there has never been held a resale in Le Flore county. This is a plain violation of the mandatory provisions of the resale laws.

The record discloses that for six fiscal years, beginning in 1930 and ending in 1936, the taxes levied against the railroads and public utilities in Le Flore county for the general fund amounted to $478,574.84, of which $469,805.19 was paid; while such taxes levied against the other property in the county totaled $702,291.18, of which only $273,497.99 was paid. For the same period of time, the taxes levied for the sinking fund against the railroads and public utilities aggregated $275,747.30, of which $270,586.64 was paid; while such taxes levied against the other property in the county amounted to $402,925.14, of which only $152,114.76 was paid. The resulting burden on the citizens who faithfully pay their taxes by virtue of the failure of the officials to collect the delinquent taxes is apparent. This court cannot by its silence sanction such refusal to comply with the plain statutory provisions relating to sales and resales. We therefore deem it proper and necessary to point out that, although under the circumstances we will not issue the writ, the county commissioners and excise board are required to request and appropriate funds for the holding of resales.

Assuming, without deciding, that it is the mandatory duty of the county treasurer to conduct a resale of tax delinquent realty even in the absence of an appropriation therefor, we must, for the reasons given above, likewise refuse to issue the writ to compel it. The resale period for 1938 has passed and a writ of mandamus at this time for the ensuing year would be premature, since the next resale cannot be held under the law until April, 1939.

While we will not grant the writ in this case for the reasons given, we presume that hereafter the respondents will comply with the views herein expressed. If they fail to do so, on a proper showing of that fact, relators or any other taxpayer will be entitled to such a writ.

Affirmed.

BAYLESS, V. C. J., and RILEY, WELCH, PHELPS, and GIBSON, JJ., concur. OSBORN, C. J., and CORN and DAVISON, JJ., absent.