Dear Senate Snyder
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
Does 68 O.S. 24303 (1988) permit a taxpayer to makepartial installment payments of taxes if such payments are madein compliance with the schedule set forth in 68 O.S. 24303?
¶ 1 As indicated in your question, there is a specific statutory provision which permits taxpayers to pay ad valorem taxes over a period of several months. Title 68 O.S. 24303(a) (1988) provides:
 All taxes levied upon an ad valorem basis for each fiscal year shall become due and payable on the first day of November, and, unless one-half (1/2) of the taxes so levied has been paid on or before the first day of January, the entire tax levy for such fiscal year shall become delinquent on said date. If the first half of the taxes levied upon an ad valorem basis for any such fiscal year has been paid on or before the first day of January, the second half shall become delinquent on the 1st day of April thereafter.
¶ 2 If the total tax owed is $10.00 or less, the tax must be paid in full on or before the first day of January. Id. Since the Legislature has specifically designated a payment schedule, as outlined above, and the intent of the Legislature is clear, there is no room for further construction or interpretation of the statute. Hughes Drilling Co. v. Morgan, 648 P.2d 32 (Okla. 1982). However, as your opinion request indicates, there is need for further clarification of what is both permitted and required under the statutorily created payment schedule.
¶ 3 The ad valorem tax payment schedule outlined in 68 O.S.24303(a) designates November 1 of each year to be the date that all ad valorem taxes become due and payable. That provision permits taxpayers to pay 1/2 of the taxes on or before the 1st day of January. If 1/2 of the taxes are paid by January first, the statute then provides that "the second half shall become delinquent on the 1st day of April thereafter." Neither in the cited section nor elsewhere in the statutes are taxpayers required to render full payment of their non-delinquent ad valorem taxes at one time.
¶ 4 The Attorney General has addressed the question of whether a county treasurer may apportion ad valorem tax collections, attributable to school districts, on a more frequent basis than once a month. Attorney General Opinion No. 84-035 found that 68O.S. 24209 (1981) permitted the apportionment and distribution of ad valorem tax revenues to be effected more frequently than on a monthly basis, provided all related statutory requirements were met. The prescribed monthly apportionment schedule was found to be the maximum amount of time permitted for apportionment of taxes collected. Similarly, 68 O.S. 24303(a) designates the maximum time allowed for payment of ad valorem property taxes.
¶ 5 It is in keeping with the intent of the taxation statutes for taxpayers to make payments on a monthly basis if they meet the time schedule outlined in 68 O.S. 24303(a). For example, a taxpayer may pay 1/2 of the ad valorem taxes owed before January 1st as provided by the statute. The taxpayer may then pay the remaining half in monthly, or even weekly installments from January 1 through April 1.
¶ 6 County treasurers have a statutory duty to collect ad valorem taxes upon receipt of the tax roles. 68 O.S. 24200
(1981). Further, each county treasurer must keep daily records of the taxes collected and at the end of each month must apportion the tax monies collected during the month. 68 O.S. 24207 and68 O.S. 24209 (1981).
¶ 7 Inherent in the duty to collect taxes is the duty to accept the payment of taxes when tendered. The case of State ex rel.St. Louis-S.F. Ry. Co. v. Boyett, 80 P.2d 201 (Okla. 1938), held that a taxpayer may, in the name of the State, maintain an action in mandamus to compel the collection of taxes by the county official charged with the duty. The Court characterized the collection of taxes as a ministerial act which does not permit the exercise of discretion in performance of the duty. Similarly, when a taxpayer tenders payment of taxes, whether partial or in full, the county treasurer does not have the discretion to reject such payment. The County treasurer is charged with the statutory duty to receive and collect taxes.
¶ 8 Title 68 O.S. 24201 (1981) states that no demand for ad valorem tax payment is necessary for it to become due, yet, the county treasurer must mail to each taxpayer a statement showing the amount assessed against real, personal and intangible property for the current year together with all delinquent taxes due. Each county treasurer must issue a receipt for taxes collected, in triplicate form, and deliver the original copy to the taxpayer. 68 O.S. 24200 (1981). Such a receipt could also indicate the amount of the partial payment made and a statement of the balance due. If the taxpayer makes partial payment but fails to pay the full sum owed by April 1, the balance remaining on the account will be deemed delinquent and will bear interest as provided by law.
¶ 9 It is, therefore, the official opinion of the AttorneyGeneral that the payment schedule for taxes levied on an advalorem basis, as found in 68 O.S. 24303(a) (1988), permitsone-half of the total tax to be paid on or before January 1 andthe remainder to be paid by the 1st day of April thereafter. Thispayment schedule permits a taxpayer to make partial installmentpayments of the taxes if such payments are made in compliancewith the schedule set forth in 68 O.S. 24303(a).
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
RACHEL LAWRENCE-MOR ASSISTANT ATTORNEY GENERAL